UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. CV02-10024-01-A |
| VERSUS | |
| JEREMIAH C. YOUNG | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion for "resolution of detainment" filed pursuant to 28 U.S.C. § 2241 by Jeremiah C. Young ("Young") on July 8, 2009 (Doc. 72). Young is contesting the calculation of his sentence by the BOP and the imposition of a detainer on him by the United States Marshal's Service.

Young was arrested and detained on federal charges on December 10, 2002 (Doc. 11). On February 5, 2004, in the United States District Court for the Western District of Louisiana, Alexandria Division, Young pleaded guilty to one count of possession with intent to distribute methamphetamine and one count of possession of a firearm during and in relation to a drug trafficking offense (Doc. 61). Young was sentenced to a total of fifteen years imprisonment with credit for time served (Doc. 61). According to Young, on January 24, 2005, he pleaded guilty to a state charge based on the same conduct in the Louisiana 8th Judicial District Court in Winn Parish, Louisiana, and was sentenced to 23 years imprisonment with credit for time served, the sentence to run

concurrently to his federal sentence (Doc. 72).

On October 6, 2009, the undersigned ordered Young to show exhaustion of his administrative remedies on or before December 7, 2009 (Doc. 74). To date, Young has not responded to this court's order.

It is the Attorney General, through the Bureau of Prisons, who computes the amount of Section 3585(b) credit after the defendant has begun to serve his sentence. U.S. v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 1353 (1992). The Bureau of Prisons has detailed procedures and guidelines for determining the amount of credit available to prisoners. Federal regulations also afford prisoners administrative review of the computation of their credits and prisoners may seek judicial review of the computations *after* exhaustion their administrative remedies. Wilson, 503 U.S. at 333, 112 S.Ct. at 1354; U.S. v. Dowling, 962 F.2d 390, 392 (5th Cir. 1992).

Since Young has failed to show that he exhausted his administrative remedies on this issue with the Bureau of Prisons, this court does not have anything to review, for it is the sentence computation and reasoning of the Bureau of Prisons that Young is asking this court to review. Therefore, Young's Section 2241 petition should be dismissed without prejudice to his right to file a new petition in this court after the Bureau of Prisons has reviewed of his sentence credits.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Young's Section 2241 petition be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE